IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHRISTOPHER M. CLOUGH, Petitioner, vs. LEROY KIRKEGARD, et al., Respondents. | Cause No. CV 15-47-H-DLC-JTJ FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Christopher M. Clough's application for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Clough is a state prisoner currently incarcerated in the Montana State Prison and proceeding pro se.

I. **Motion to Proceed In Forma Pauperis**

Mr. Clough has sufficiently shown that he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

II. **28 U.S.C. § 2254**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to examine a Section 2254 habeas petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]"

1

Pursuant to Rule 4, the undersigned has reviewed the merits of Mr. Clough's claims, and, for the reasons discussed herein, finds that the petition is without merit and should be dismissed and denied.

### A. Background

In January 2008, Mr. Clough was sentenced in Lewis and Clark County, Montana, to ten years with one year suspended for a felony conviction of issuing a bad check (Cause No. BDC-2007-291) to be served at Montana State Prison (MSP). Mr. Clough was paroled to Great Falls in November 2009. He was subsequently arrested in Spokane, Washington, on September 26, 2010. Mr. Clough was charged with three felonies: first degree rape, first degree kidnaping, and first degree criminal impersonation. Ultimately, Mr. Clough pleaded guilty to three counts, two of which were amended, as follows: third degree rape, unlawful imprisonment, and first degree criminal impersonation. Mr. Clough spent forty-three months, from September 26, 2010, to April 2, 2014, in the custody of the State of Washington.

Following completion of his Washington sentence, Mr. Clough returned to MSP and appeared before the Parole Board in May 2014. The Board elected not to give Mr. Clough credit for the time that he spent in custody in Washington, instead finding that this was "dead time" for which he would receive no credit against his 2008 Lewis and Clark County sentence.

Mr. Clough sought a writ of habeas corpus in the state court, seeking credit against his Lewis and Clark County sentence for the forty-three months he had spent in custody in Washington. Pet., *Clough v. Kirkegard*, No. OP 14-0729 (Mont. Nov. 7, 2014). In his petition, Mr. Clough explained that extenuating family circumstances caused him to abscond to Washington and that it was his belief that "the only person whom could change [my] sentence or discharge date is the Judge. Which the judge can't change or add to my sentence because it [sic] more the [sic] the state law would allow." *Id*. at 3.

The Department of Corrections responded, arguing that the Parole Board had cause to revoke Mr. Clough's parole following the May 29, 2014 hearing because it found that Mr. Clough had violated a condition of his parole by being convicted of the crimes in Washington. Response, *Clough v. Kirkegard*, No. OP 14-0729 (Mont. Dec. 12, 2014). The Department contended that the time from the commission of the Washington offenses to Mr. Clough's return to Montana was properly deemed to be "dead time" pursuant to Admin. R. Mont. 20.25.202(4)(2014), for which Mr. Clough was not entitled to receive credit. *Id*. at 3. The Department argued that such a determination was within the Parole Board's discretion and that Mr. Clough had failed to meet his burden. *Id*. at 5.

The Montana Supreme Court agreed with the Department's rationale and denied Mr. Clough's writ of habeas corpus. Order, *Clough v. Kirkegard*, No. OP

14-0729 (Mont. Dec. 24, 2014). The Court reasoned that, because Mr. Clough's "clock for the Montana sentence stopped running on September 26, 2010, when he was incarcerated in Washington," he still has to serve that forty-three month portion of his nine-year prison term. *Id*. at 2. Further, the Court concluded it was within the Parole Board's authority to deny Mr. Clough credit for the time served in Washington. *Id.* Mr. Clough, therefore, could not establish a claim for habeas relief. *Id*.

Mr. Clough filed his federal habeas petition in May 2015. Doc. 1.

### B. Claims

Mr. Clough raises two claims that are almost identical to those raised in state court and to each other. First, Mr. Clough alleges that the Parole Board has "gone over" his sentencing date by moving the discharge date to February 29, 2020. Mr. Clough argues that no judge or jury could sentence him to more than ten years. (Doc. 1) at 4. The gist of Mr. Clough's second claim is similar. Relying on the statute of limitations, he reasons that no judge or jury could have imposed a sentence in excess of ten years. *Id*. at 5. Mr. Clough asks this Court to "follow the law" and put his release date back to August 23, 2016. *Id*. at 7. Mr. Clough cites no federal basis for his requested relief.

### C. Analysis

A federal court, in conducting habeas review, is limited to deciding whether

4

a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curium). While Mr. Clough does not set forth the federal ground underlying his petition, for purposes of this analysis, the Court assumes he is attempting to claim a due process violation.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that a state shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. XIV, § 1. Thus, to state a due process violation, an individual must establish the existence of a constitutionally recognized liberty interest that is protected by the Due Process Clause, and must demonstrate the procedures afforded the individual for the protection of the liberty interest were constitutionally deficient. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). "Protected liberty interests may arise from two sources-the Due Process Clause itself and the laws of the States." *Id.* (quotation and citation omitted); *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (stating that a protected liberty interest could "arise from the Constitution itself, [ . . . or] from an expectation or interest created by state laws or policies.").

It is well established that there exists no substantive federal right to release on parole, and "the only federal right at issue" in the context of habeas claims

regarding parole hearings is a procedural right. *Swarthout*, 562 U.S. at 222. With respect to parole hearings, an inmate is constitutionally entitled only to an opportunity to be heard and a statement of reasons why parole was denied. *Id*. at 220. The "beginning and the end of federal habeas" analysis is whether the inmate received the minimal procedural protections required under the Due Process Clause. *Id*.

Mr. Clough was provided an opportunity to be heard at his May 29, 2014 hearing before the Parole Board. Also, the Parole Board gave Mr. Clough a statement of the reasons for its decision. Mr. Clough therefore received the minimal procedural protections afforded him under the Due Process Clause.

To the extent Mr. Clough claims the Parole Board or the Montana Supreme Court erred in their interpretation of Montana law governing sentencing, dead time, and parol, this claim fails as well. The interpretation of state law is not subject to review by a federal habeas court. *See Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002) ("[a] state court has the last word on interpretation of state law in federal habeas proceedings") (citations omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

The Parole Board provided Mr. Clough all the process he was due regarding the "dead time" issue arising as a result of his incarceration in Washington.

Therefore, Mr. Clough cannot prevail on a due process claim in this habeas action. Accordingly, habeas corpus relief should be denied.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Mr. Clough has not made a substantial showing that he was deprived of a constitutional right. There are no close questions, and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

Mr. Clough's Motion to Proceed in Forma Pauperis (Doc. 2) is **GRANTED**. The Clerk of Court shall waive payment of the filing fee.

## RECOMMENDATIONS

1. Mr. Clough's petition (Doc. 1) should be **DISMISSED** and **DENIED** for lack of merit.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Clough may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Clough must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 7th day of July, 2015.

          /s/ John Johnston
          John Johnston
          United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.