IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

FILED

SEP 28 2015

Clerk, U.S. District Court
District Of Montana
Missoula

CHRISTOPHER M. CLOUGH,

Petitioner,

vs.

LEROY KIRKEGARD, et al.,

Respondents.

CV 15–47–H–DLC–JTJ

ORDER

United States Magistrate Judge John T. Johnston entered his Findings and

Recommendations on July 7, 2015, granting Petitioner Christopher M. Clough's

Motion to Proceed in Forma Pauperis, and recommending Clough's petition for

writ of habeas corpus under 28 U.S.C. § 2254 be dismissed and denied for lack of

merit. Clough timely objected to the Findings and Recommendations on July 24,

2015 and is therefore entitled to *de novo* review. 28 U.S.C. § 636(b)(1). The

portions of the findings and recommendations not specifically objected to will be

reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach.,*

*Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons listed below, the Court

adopts Judge Johnston's Findings and Recommendations in full. Because the

parties are familiar with the facts of this case they will only be included here as

-1-

necessary to explain the Court's order.

In his initial Complaint, Clough appears to allege a due process violation by making two nearly identical claims. First, Clough alleges that the Montana Parole Board has "gone over" his sentencing date by moving his discharge date to February 29, 2020. He argues that no judge or jury could sentence him to more than ten years. Second, Clough relies on the statute of limitations to assert that no judge or jury could have imposed a sentence in excess of ten years.

In his Objection to Judge Johnston's Findings and Recommendations, Clough seems to further argue that his sentence is "expecitional" [sic] because he will cumulatively spend more than 10 years in prison when his original sentence was for only 10 years. He bases this allegation on "the federal statutes." Clough also asserts that, "because the Director of the Parole board [sic] is [his] ex-parole officer Timothy Allred" his due process right has been violated by Allred's "conflict of interest."

To state a due process violation under the Fourteenth Amendment to the United States Constitution, an individual must establish the existence of a constitutionally recognized liberty interest that is protected by the Due Process Clause, and must demonstrate the procedures afforded the individual for the protection of the liberty interest were constitutionally deficient. *Kentucky Dept,.*

*of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). It is well established that there exists no substantive federal right to release on parole, and "the only federal right at issue" in the context of habeas claims regarding parole hearings is a procedural right. *Swarthout v. Coke*, 562 U.S. 216, 219 (2011) (per curiam).

As Judge Johnston found, Clough was provided an opportunity to be heard at his May 29, 2014 hearing before the Parole Board, where the Parole Board gave him a statement of reasons for its decision to revoke his parole and not to credit his Washington incarceration time against his Montana sentence. This hearing provided Clough the minimal procedural protections afforded him under the Due Process Clause. Further, to the extent Clough claims the Parole Board or the Montana Supreme Court erred in their interpretation of Montana law governing sentencing, dead time, and parole, his claims fail because the interpretation of state law is not subject to review by a federal habeas court. *See Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002) ('[a] state court has the last word on interpretation of state law in federal habeas proceedings") (citations omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reempasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Finally, Clough's "conflict of interest claim," insofar as it raises a due

process challenge, must also fail, again because Clough does not have a

substantive federal right to release on parole. As stated above, the Montana Parole

Board provided Clough an opportunity to be heard, thereby giving him the

minimal procedural protections afforded him under the Due Process Clause.

There being no clear error in Judge Johnston's remaining Findings and

Recommendations,

IT IS ORDERED that Judge Johnston's Findings and Recommendation

(Doc. 5) are ADOPTED IN FULL. Clough's petition (Doc. 1) is DISMISSED

WITH PREJUDICE. A certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate

document a judgment in favor of Respondents and against Petitioner.

Dated this 28ᵗʰ day of September, 2015.

Dana L. Christensen, Chief Judge
United States District Court

-4-